# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**  Case No. 6:09-cr-180-Orl-31KRS

**CINDY HARRINGTON**

---

## ORDER DENYING MOTION TO DISMISS INDICTMENT

This matter came before the Court *sua sponte* and upon consideration of the Motion to Dismiss Counts II, IV, VI, VIII, X, XII, XIV and XVI of the Indictment (the "Motion") (Doc. 49) filed by Defendant Cindy Harrington ("Defendant").

Defendant was indicted on September 16, 2009. (Doc. 1). On September 18, 2009, the Court entered its Criminal Scheduling Order, which, *inter alia*, established a deadline of October 8, 2009 pursuant to FED. R. CRIM. P. 12(c), for the filing of any dispositive motions (including, in particular, a motion to dismiss the indictment). (Doc. 9 at 6).

On March 24, 2010 – nearly six months after the Court's dispositive motion deadline and five days before the start of trial – Defendant filed the instant Motion pursuant to FED. R. CRIM. P. 12(b)(3). (Doc. 49). The Motion makes no effort whatsoever to assert good cause for its late filing or to seek relief pursuant to FED. R. CRIM. P. 12(e). Instead, Defendant simply contends that nearly half of the counts in the indictment should be dismissed because they are "preempted" by a separate section of the criminal code. (Doc. 49 at 3, discussing 18 U.S.C. §§ 1001 and 1920). Defendant does not assert that the indictment fails to invoke the Court's jurisdiction or fails to state an offense; nor

does Defendant assert that there has been any intervening change in law since October 8, 2009. Furthermore, no double jeopardy or any other constitutional issues are raised. Finally, Defendant does not cite to or otherwise rely on any binding precedent.[1]

Upon review, Defendant's Motion will be denied. Defendant had ample notice of the charges against her and an opportunity to present the argument in her Motion well before the Court's October 8, 2009 deadline. She choose, however, not to timely do so and has failed to offer any good cause for doing so now. Accordingly, the Court finds that Defendant has waived any defense or objection to the indictment predicated on a supposed "preemption" of 18 U.S.C. § 1001 by 18 U.S.C. § 1920. FED. R. CRIM. P. 12(e) ("A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c). . . ."). It is, therefore

**ORDERED** and **ADJUDGED** that Defendant's Motion (Doc. 49) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 24, 2010.

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Cindy Harrington

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] Defendant relies exclusively on three Ninth Circuit decisions. (Doc. 49 at 4-5, citing *U.S. v. Fitzgerald*, 147 F.3d 1101 (9th Cir. 1998), *U.S. v. Richardson*, 8 F.3d 15 (9th Cir. 1993) and *U.S. v. Mayer*, 775 F.2d 1387, 1390 (9th Cir. 1985)).